**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MATTHEW WHITFIELD, Derivatively on Behalf of SIX FLAGS ENTERTAINMENT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>SELIM BASSOUL, RICHARD A. ZIMMERMAN, DANIEL J. HANRAHAN, LOUIS CARR, SANDRA COCHRAN, MICHAEL COLGLAZIER, FELIPE DUTRA, STEVEN HOFFMAN, CHIEH HUANG, JENNIFER MASON, ARIK RUCHIM, MARILYN SPIEGEL, and BRIAN WITHEROW,<br><br>Defendants,<br><br>and<br><br>SIX FLAGS ENTERTAINMENT CORPORATION.<br><br>Nominal Defendant. | Case No. 3:25-cv-02599<br><br>Judge Jeffrey J. Helmick |

**STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION**

WHEREAS, on November 26, 2025, Plaintiff Matthew Whitfield ("Plaintiff") commenced this putative stockholder derivative action (the "Derivative Action"), on behalf of Nominal Defendant Six Flags Entertainment Corporation ("Six Flags" or the "Company"), against Defendants Selim Bassoul, Richard A. Zimmerman, Daniel J. Hanrahan, Louis Carr, Sandra Cochran, Michael Colglazier, Felipe Dutra, Steven Hoffman, Chieh Huang, Jennifer Mason, Arik Ruchim, Marilyn Spiegel, and Brian Witherow (collectively, the "Individual Defendants," and together with Six Flags, the "Defendants") (Defendants and Plaintiff together, the "Parties");

WHEREAS, on February 3, 2026, Defendants waived service of summons in the Derivative Action (ECF No. 6);

WHEREAS, there is currently pending in this Court a putative securities class action, captioned *City of Livonia Employees' Retirement System v. Six Flags Entertainment Corporation, et al.,* Case No. 3:25-cv-02394-JJH (N.D. Ohio) (the "Securities Class Action");

WHEREAS, the Securities Class Action and this Derivative Action contain overlapping allegations and name some of the same defendants;

WHEREAS, counsel for the Parties have conferred regarding the status of the Derivative Action and the appropriate next steps; and

WHEREAS, because the allegations and claims in the Derivative Action arise out of the same operative facts as the Securities Class Action, to avoid the unnecessary expenditure of party and judicial resources, and to promote "the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, the Parties have agreed, subject to the Court's approval, that all proceedings and deadlines in the Derivative Action should be stayed temporarily pending: (i) the disposition of any motion to dismiss filed by defendants in the Securities Class Action; or (ii) the filing of an answer by defendants in the Securities Class Action, whichever is earlier;

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the undersigned Parties to the Derivative Action, as follows:

1. All proceedings and deadlines in the Derivative Action, including Defendants' obligation to move, answer, or otherwise respond to the complaint in the Derivative Acton, as well as any discovery, shall be stayed temporarily pending: (i) the disposition of any motion to dismiss filed by defendants in the Securities Class Action; or (ii) the filing of an answer by defendants in the Securities Class Action, whichever is earlier.

2. Within fourteen (14) days after the stay is lifted pursuant to paragraph 1 the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Action, including the date by which Defendants must move, answer, or otherwise respond to the complaint in the Derivative Action.

3. Notwithstanding the agreed-upon stay of the Derivative Action, Plaintiff may file an amended complaint during the stay. Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

4. During the pendency of the stay, Defendants shall promptly notify Plaintiff of any derivative actions that are filed ("Related Derivative Actions"), or litigation demands or demands for inspection of books and records pursuant to 8 Del. C. § 220 that are received ("Related Demands"), arising from substantially similar or the same facts as alleged in the Derivative Action.

5. During the pendency of the stay, if Defendants produce any documents to plaintiffs in a Related Derivative Action or in connection with a Related Demand, Defendants shall produce the same documents to Plaintiff within ten (10) days, subject to counsel entering into a reasonable and mutually acceptable confidentiality agreement.

6. During the pendency of the stay, if Defendants engage in mediation or formal settlement discussions in the Securities Class Action, Defendants agree to provide Plaintiff with reasonable advance notice of such mediation or settlement discussions and make a good faith effort to include Plaintiff in any such mediation or settlement discussions. If Plaintiff is not permitted to attend such mediation or formal settlement discussions, Defendants will make a good faith effort to separately mediate with Plaintiff at or about the same time.

7. During the pendency of the stay, if Defendants engage in mediation or formal settlement discussions with other plaintiffs in a Related Derivative Action or any Six Flags stockholder with a Related Demand, Defendants shall include Plaintiff in any such mediation or settlement discussion.

8. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein. For the avoidance of doubt, Defendants preserve all rights, objections, and defenses, including those regarding jurisdiction and venue, and Plaintiff preserves all rights and claims.

IT IS SO STIPULATED.

Dated: February 25, 2026

Respectfully Submitted:

LAW OFFICES OF JOHN C. CAMILLUS, LLC

By: *\/s/ John C. Camillus*
John C. Camillus, Trial Attorney (007435)
P.O. Box 141410
Columbus, OH 43214
Telephone: (614) 992-1000
Facsimile: (614) 559-6731
Email: jcamillus@camilluslaw.com

*Counsel for Plaintiff*

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Sean L. McGrane*
Joseph C. Weinstein (23504)
Sean L. McGrane (91287)
James M. Brennan (101670)
100 Key Tower
Cleveland, OH 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
Joe.Weinstein@squirepb.com

Sean.McGrane@squirepb.com
James.Brennan@squirepb.com

WEIL, GOTSHAL & MANGES LLP

John A. Neuwirth*
Joshua S. Amsel*
Stefania D. Venezia*
Tanner S. Stanley*
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
John.Neuwirth@weil.com
Joshua.Amsel@weil.com
Stefania.Venezia@weil.com
Tanner.Stanley@weil.com

*Counsel for Defendants*

**Pro hac vice*

**IT IS SO ORDERED.**

Dated: _____________ ___, 2026

By: _________________________
The Honorable Jeffrey J. Helmick
United States District Judge